**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEJAT BIRHAN, | ) |
|         Plaintiff, | ) Case No.16-cv-01384 |
| v. | ) Judge: John Robert Blakey |
| LVNV FUNDING, LLC, and WELTMAN, WEINBERG & REIS CO., L.P.A., | ) |
|         Defendants. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, LVNV FUNDING, LLC ("Defendant"), by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

**VENUE AND JURISDICTION**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

**ANSWER:** **Defendant admits that Plaintiff brings this action for damages for purported violations of the FDCPA but denies that Plaintiff has any such claims herein. Defendant admits that this Court generally has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.**

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**ANSWER:** **Defendant does not contest venue.**

**PARTIES**

3. Nejat Birhan ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §

1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff is the Plaintiff in this lawsuit and that Defendant Weltman attempted to collect Plaintiff's outstanding financial obligation originally owed to Credit One Bank N.A. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

**ANSWER:** **Defendant admits that it is a Delaware limited liability company. Defendant denies the remaining allegations in this paragraph.**

5. LVNV is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Defendant LVNV conducts business in Illinois. (Exhibit A, Record from the Illinois Secretary of State).

**ANSWER:** **Defendant admits it is authorized to do business in Illinois, it has a registered agent and it denies the remaining allegations in this paragraph.**

6. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation. (Exhibit B, Record from Illinois Division of Professional Regulation).

**ANSWER:** **Defendant admits the allegations in this paragraph.**

7. In fact, Defendant LVNV acts as a debt collection agency in Illinois, as it regularly collects defaulted consumer debts.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

8. Defendant Weltman, Weinberg & Reis Co., LPA ("Weltman"), is an Ohio corporation and collection law firm with offices in the city of Chicago, and at all relevant times was a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6).

**ANSWER:** **Defendant admits that Weltman is a law firm with an office in Chicago. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

9. Weltman is engaged in the business of collecting consumer debts in Illinois, where it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10. Weltman is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Defendant Weltman conducts business in Illinois. (Exhibit C, Record from the Illinois Secretary of State).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## FACTUAL ALLEGATIONS

11. Plaintiff allegedly incurred a debt for goods and services used for personal purposes, originally for a Credit One Bank N.A. consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

131330148v1 0983524

**ANSWER:** **Defendant admits that Plaintiff incurred an outstanding financial obligation originally owed to Credit One Bank N.A. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

13. Credit One charged off the account in April of 2013. (Exhibit D, Excerpt of TransUnion Credit Report showing Credit One's tradeline).

**ANSWER:** **Defendant admits that Plaintiff's account was charged off by Credit One in February 2013. Defendant denies the remaining allegations in this paragraph.**

14. Credit One ceased sending statements to Plaintiff after charging off the account.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15. Credit One ceased charging interest to Plaintiff after charging off the account.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16. Credit One waived any right to contractual interest.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

17. LVNV subsequently purchased the debt, the balance of which was the same as the charge off balance.

**ANSWER:** **Defendant admits that it acquired Plaintiff's outstanding financial obligation in the same amount as the charge-off balance.**

18. LVNV then assigned the debt for collection to Defendant Weltman.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

19. On or about November 20, 2015, Weltman filed a complaint against Plaintiff to collect the alleged debt, styled *LVNV Funding LLC v. Nejat Birhan*, Case No. 15-M1-127981, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit D, Complaint from State Action).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

20. Weltman served the complaint in the State Action upon Plaintiff at her home on November 10, 2015.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff was served via personal service on or about December 10, 2015. Defendant denies the remaining allegations in this paragraph.**

21. The complaint conveyed information regarding a debt directly to Plaintiff, including an alleged balance, and the identity of the original creditor.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

22. The complaint was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

23. Attached to the complaint was an affidavit executed by Matt Summers. (Ex. D, Complaint).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

24. Matt Summers was an Authorized Representative of LVNV Funding LLC.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

25. LVNV directed and ratified all actions taken by its Authorized Representative.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

26. The affidavit asserted a balance owing of $1,012.30 as of July 10, 2015. (Ex. D, Complaint).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

27. The affidavit additionally asserted that "legally permissible interest" was owed.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

28. LVNV had no statutory nor contractual right to collect interest from Plaintiff on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

29. When a debt collector tries to collect interest that a previous creditor had waived, the debt collector violates § 1692e(2)(A). *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 447 (6th Cir. 2014); *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014).

**ANSWER:** **Objection. The allegations in this paragraph state a legal conclusion to which no response is required. Subject to and without waiving said objections, Defendant denies that the allegations in this paragraph accurately state the law.**

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**
>
> **… (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

131330148v1 0983524

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

31. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely stated that "legally permissible interest" may continue to accrue on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

32. Defendants threatened to take an action they could not legally take, namely, the threat to assess interest, in violation of 15 U.S.C. § 1692e(5).

**ANSWER:** **Defendant denies the allegations in this paragraph.**

33. 225 ILCS 425/9(a) of the Illinois Collection Agency Act prohibits the following conduct:

> **. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

34. Defendants threatened to collect interest with reason to know that the right to collect interest does not exist, in violation of 225 ILCS 425/9(a)(24) of the Illinois Collection Agency Act.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

35. LVNV has not added any interest to the balance since purchasing the alleged debt in March, 2013. (Exhibit E, Excerpt of Plaintiff's Transunion credit report showing LVNV's tradeline).

**ANSWER:** **Defendant denies the allegations in this paragraph.**

131330148v1 0983524

36. LVNV did not intend to add any interest to the alleged debt at the time that its Authorized Agent stated that interest was due and owing.

**ANSWER:** **Defendant denies that its authorized agent stated that interest was due and owing. Defendant denies the remaining allegations in this paragraph.**

37. To date, LVNV alleges a balance due and owing of $1,012, the same balance as when it acquired the account. (Ex. E, Excerpt of Plaintiff's Transunion credit report showing LVNV tradeline).

**ANSWER:** **Defendant admits the allegations in this paragraph.**

38. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **… (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

39. Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §1692e(5)when they threatened to add "legally permissible interest" to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

40. Plaintiff purchased another copy of his credit report.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

131330148v1 0983524

41. On January 4, 2016 Defendants communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the original creditor. (Ex. E, Excerpt of Plaintiff's TransUnion report).

**ANSWER:** **Defendant admits that credit information was reported to TransUnion regarding Plaintiff in January 2016. Defendant denies that it reported that information. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

42. Transunion communicated a balance of $1,012 on the alleged debt to TransUnion.

**ANSWER:** **Objection. The allegations in this paragraph are not directed to Defendant; therefore, no response is required. To the extent a response is needed, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

43. On January 13, 2016 Defendants sent Plaintiff a collection letter. (Exhibit F, Collection Letter).

**ANSWER:** **Defendant admits that Weltman sent Plaintiff a collection letter on or about January 13, 2016. Defendant denies any remaining allegations in this paragraph.**

44. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, an account number and an amount due on the alleged debt.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

45. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

46. The Letter conveyed a balance of $1,447.30 on the alleged debt.

9

**ANSWER:      Upon information and belief, Defendant admits the allegations in this paragraph.**

47.     Either the credit information communicated to Transunion consumer reporting agency on January 4, 2016 that the balance on the alleged debt was $1,012 – was false, or the collection letter communicated to Plaintiff on January 13, 2016 – that the balance on the alleged debt was $1,447.30 – was false; both amounts cannot be correct.

**ANSWER:      Defendant denies the allegations in this paragraph.**

48.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . . .**

**ANSWER:      Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

49.     Defendants falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) when they communicated two different balances on the same alleged debt in the same month.

**ANSWER:      Defendant denies the allegations in this paragraph.**

50.     225 ILCS 425/9(a) of the Illinois Collection Agency Act prohibits the following conduct:

> **. . . (30) Misrepresenting the amount of the debt alleged to be owed. . .**

**ANSWER:      Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

10

51. Defendants misrepresented the amount of the debt alleged to be owed, in violation of 225 ILCS 425/9(a)(30) of the Illinois Collection Agency Act.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

52. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:** **This paragraph contains legal conclusions to which no response is required. To the extent a response is needed, Defendant denies the allegations of this paragraph.**

53. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

**ANSWER:** **This paragraph contains legal conclusions to which no response is required. To the extent a response is needed, Defendant denies the allegations of this paragraph.**

54. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** **This paragraph contains legal conclusions to which no response is required. To the extent a response is needed, Defendant denies the allegations of this paragraph.**

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

131330148v1 0983524

56. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely stated that "legally permissible interest" may continue to accrue on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

57. Defendants threatened to take an action they could not legally take, namely, the threat to assess interest, in violation of 15 U.S.C. § 1692e(5).

**ANSWER:** **Defendant denies the allegations in this paragraph.**

58. Defendants threatened to take an action they did not intend to take, in violation of 15 U.S.C. §1692e(5)when they threatened to add "legally permissible interest" to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

59. Defendants falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) when they communicated two different balances on the same alleged debt in the same month.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

### COUNT II—ILLINOIS COLLECTION AGENCY ACT

60. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

61. Defendants threatened to collect interest with knowledge that the right to collect interest does not exist, in violation of 225 ILCS 425/9(a)(24) of the Illinois Collection Agency Act.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

62. Defendants misrepresented the amount of the debt alleged to be owed, in violation of 225 ILCS 425/9(a)(30) of the Illinois Collection Agency Act.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

131330148v1 0983524

**AFFIRMATIVE DEFENSES**

Defendant, LVNV FUNDING, LLC, by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case. Here, Defendant relied, in good faith, upon Weltman to collect Plaintiff's debt in compliance with all federal and state laws. Defendant relied upon a non-party to this suit to accurately report the amount of the debt to the credit bureaus in the format required by the credit bureaus. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a bona fide error.

2. If Defendant is found to be vicariously responsible for the alleged conduct of any other party, Defendant is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense.

3. Plaintiff's claim is barred by whole or in part by the applicable statute of limitations.

4. Defendant affirmatively states that the Complaint, and each cause of action alleged therein against LVNV, is barred by the doctrines of estoppel and waiver.

5. Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims. Defendant may possess certain arbitration rights based on one or more contracts entered into by Plaintiff. As such, this matter may be precluded from proceeding within the United States District Court.

WHEREFORE, Defendant LVNV FUNDING, LLC, prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/Katherine H. Oblak
Katherine H. Oblak

13

131330148v1 0983524

Nabil G. Foster
Katherine H. Oblak
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
nfoster@hinshawlaw.com
koblak@hinshawlaw.com

131330148v1 0983524

**CERTIFICATE OF SERVICE**

      I, Katherine H. Oblak, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on March 18, 2016.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Celetha C. Chatman |
| ___ | Federal Express | Michael J. Wood |
| ___ | Messenger | COMMUNITY LAWYERS GROUP, LTD. |
| | | 73 W. Monroe Street, Suite 502 |
| | | Chicago, IL 60603 |
| | | Ph: (312) 757-1880 |
| | | Fx: (312) 265-3227 |
| | | cchatman@communitylawyersgroup.com |
| | | mwood@communitylawyersgroup.com |

Nabil G. Foster
Katherine H. Oblak
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
nfoster@hinshawlaw.com
koblak@hinshawlaw.com

*/s Katherine H. Oblak*
Katherine H. Oblak
One of the Attorneys for Defendants

131330148v1 0983524